Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINDEN PICTURES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CRITTER SQUAD, LLC, a California limited liability company; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>**Jury Trial Demanded** |

Minden Pictures, Inc. hereby prays to this Court for relief for the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Minden is a California corporation with its primary place of business located at 9565 Soquel Drive, Suite 202, Aptos, California 95003.

5. Defendant Critter Squad, LLC is a California limited liability company with its principal place of business located at 18740 Oxnard Street, Unit 301, Tarzana, CA 91356. Critter Squad is the owner, operator, and/or controller of the commercial website *crittersquad.com* and its related/affiliated subdomains, mobile websites, social media pages, and applications (collectively, "Critter Squad's Websites").

6. Upon information and belief, Defendants DOES 1-10 ("Doe Defendants") (collectively with Critter Squad, "Defendants"), are other parties not yet identified who have infringed the asserted copyrights, have contributed to the infringement of the asserted copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to Minden, which therefore sues said Doe Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CRITTER SQUAD'S UNAUTHORIZED USE OF THE SUBJECT PHOTOGRAPHS

8. Photographers represented by Minden (the "Photographers") took and own the copyrights in two original photographs registered with the U.S. Copyright Office (collectively, the "Subject Photographs"). At all times relevant to this case,

each of the Photographers appointed Minden as the exclusive syndicator of the Subject Photographs and the copyrights therein, entitling Minden to maintain this action under 17 U.S.C. § 501(b).

9. Following the publication, distribution, and/or display of the Subject Photographs, Defendants, and each of them, copied, stored, displayed, reproduced, distributed, and/or otherwise exploited verbatim copies of the Subject Photographs on Critter Squad's Websites for commercial purposes without a license, authorization, or consent from Minden (collectively, the "Accused Posts").

| # | SUBJECT PHOTOGRAPHS | ACCUSED POSTS |
|---|---|---|
| 1. |  Image No. 00499102 | |
| 2. |  Image No. 0298537 | |

10. To the extent Critter Squad exploited the Accused Posts (and/or any/all other copies of the Subject Photographs) more than three years before the date of this pleading, Minden did not know, and had no reason to know, of such exploitation(s).

### FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

11. Minden incorporates by reference the preceding paragraphs.

12. Upon information and belief, Defendants accessed the Subject Photographs by, viewing the Subject Photographs on Minden's and/or the Photographers' website(s), profiles, exhibitions, and/or social media accounts; through magazines or other publications; and/or through third-party websites or Internet search engines. Moreover, the Accused Posts are verbatim copies of, and thus strikingly similar to, the Subject Photographs.

13. Defendants stored, displayed, reproduced, distributed, and/or otherwise exploited verbatim copies of the Subject Photographs on Critter Squad's Websites without a license, authorization, or consent from Minden.

14. Due to Defendants' acts of copyright infringement, Minden has suffered damages in an amount to be established at trial.

15. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of the copyrights in the Subject Photographs. As such, Minden is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the copyrights in the Subject Photographs in an amount to be established at trial.

16. Upon information and belief, Defendants have committed acts of copyright infringement with actual or constructive knowledge of, or in reckless disregard or willful blindness for, Minden's rights in the Subject Photographs, rendering their acts of copyright infringement willful.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Minden prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and any/all others acting in concert with Defendants and/or their agents, be enjoined from copying, storing, displaying, reproducing, distributing, and/or otherwise exploiting the Subject Photographs without a license, authorization, or consent from Plaintiff in a manner that infringes the copyrights in the Subject Photographs;

b. That Plaintiff be awarded Defendants' profits, plus Plaintiff's losses, attributable to the infringement of the copyrights in the Subject Photographs, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: September 28, 2023   By:   /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
DONIGER/BURROUGHS
*Attorneys for Plaintiff*